FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 02 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LARRY WIMBERLY, | No. 09-15706 |
| Plaintiff - Appellant, | D.C. No. 2:06-CV-00289-JAM-GGH |
| v. | |
| COUNTY OF SACRAMENTO, Political Subdivision of the State of California; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted February 16, 2010[**]

Before:    FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Larry Wimberly, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and we affirm.

Wimberly waived his right to challenge the district court's factual findings concerning exhaustion because he failed to object to the magistrate judge's report. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (holding that failure to object to a magistrate judge's recommendation waives all objections to the magistrate judge's findings of fact, but does not ordinarily waive objections to purely legal conclusions). However, contrary to appellees' contention, Wimberly may challenge the district court's legal conclusions. *See id.*

The district court properly dismissed the action because Wimberly did not complete the jail grievance process prior to filing suit. *See Booth v. Churner*, 532 U.S. 731, 741 (2001) (stating that exhaustion is mandatory under § 1997e(a)); *see also Wyatt*, 315 F.3d at 1119-20 ("In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact.").

We construe the judgment as a dismissal without prejudice. *See Wyatt*, 315 F.3d at 1120 (providing that dismissals for failure to exhaust administrative remedies are without prejudice).

Wimberly's remaining contentions are unpersuasive.

**AFFIRMED.**